New Jersey Department of Labor,
Workmen's Compensation Bureau.

SELMA VAN VLADRICKEN, PETITIONER, v. WILLIAM SIMPSON, RESPONDENT.

\*    \*    \*    \*    \*    \*    \*

2. Whereas on the 29th day of November, 1926, the petitioner's decedent suffered an accident while getting off of one of the respondents motor trucks, in which his foot was badly smashed, so that the bones protruded from the ankle joint, which was bleeding at the time of his admission to the Hackensack Hospital, and

3. Whereas death was directly caused by a pulmonary embolus, which resulted from the injury received by the petitioner's decedent, and

4. Whereas the evidence submitted in this case shows that the petitioner's decedent on the morning of the alleged accident was picked up by an employe of the respondent named James Tiebaut, who was operating a truck for the respondent at the time, for the sole purpose of giving the petitioner's decedent a ride, and

5. Whereas it further appears that the petitioner's decedent was doing no work for the respondent and was not assigned by the respondent to the truck, upon which he was riding, to do anything toward carrying out the business of the respondent, and

6. Whereas it further appears that the petitioner's decedent had lived and slept in a house owned by the respondent for a period of eleven months and some days, which fact cor-

responds to the testimony of the petitioner that she and the petitioner's decedent had been separated for the same period of time, and

7. Whereas it further appears that the petitioner's decedent had never been a regular employe of the respondent, but had merely done odd jobs for the respondent from time to time, when the petitioner's decedent was not otherwise employed and when the respondent had odd jobs for him to do, and

8. Whereas it appears that the petitioner's decedent was not engaged in the employment of the respondent at the time of the accident, which caused the injury, from which he died.

I, therefore, find that the petitioner is not entitled to compensation from the respondent, inasmuch as the petitioner's decedent was not employed by the respondent at the time that he received the injury, which caused his death, but was merely riding on one of the respondent's trucks with the permission of the respondent.

I, therefore, order that the petition filed in the within case be dismissed and that a judgment be entered in favor of the respondent.

HARRY J. GOAS,
*Deputy Commissioner.*